UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MOHAMMAD BAHRAM and PARVINDER K. CHAWLA,

                Plaintiffs,

- against -

FORD MOTOR COMPANY,

                Defendant.

-----------------------------------------------------------x

**VERIFIED ANSWER**

**Civil Action No.:**

CV10-3131

Jury Demanded

Defendant, FORD MOTOR COMPANY, by its attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for its Answer to plaintiffs' Complaint, respectfully shows to this Court and alleges upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, MOHAMMAD BAHRAM

1. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "FIRST".

2. Denies the allegations contained in paragraph(s) "SECOND", "FOURTH", "SIXTH" and "SEVENTH" in the form alleged, except admits that FORD MOTOR COMPANY is a corporation, duly incorporated and authorized to do business in the State of Delaware, with its principal place of business located at One American Road, in the City of Dearborn, State of Michigan.

3. Denies the allegations contained in paragraph(s) "THIRD" and "FIFTH" in the form alleged, except admits that FORD MOTOR COMPANY conducts business in New York State.

4. Denies the allegations contained in paragraph(s) "EIGHTH", "NINTH" and "TENTH" in the form alleged, except admits that FORD MOTOR COMPANY, in part, designs, tests and distributes motor vehicles.

5. Denies the allegations contained in paragraph(s) "ELEVENTH", "TWELFTH", "THIRTEENTH", FOURTEENTH" and "FIFTEENTH".

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, MOHAMMAD BAHRAM

6. In response to paragraph "SIXTEENTH", repeats each admission or denial contained in paragraphs "FIRST" through "FIFTEENTH" herein as though fully set forth hereat.

7. Denies the allegations contained in paragraph(s) "SEVENTEENTH" in the form alleged, except admits that FORD's vehicles are fit for their intended purpose.

8. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "EIGHTEENTH" and "NINETEENTH".

9. Denies the allegations contained in paragraph(s) "TWENTIETH", "TWENTY-FIRST", "TWENTY-SECOND", "TWENTY-THIRD" and "TWENTY-FOURTH".

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, MOHAMMAD BAHRAM

10. In response to paragraph "TWENTY-FIFTH", repeats each admission or denial contained in paragraphs "FIRST" through "TWENTY-FOURTH" herein as though fully set forth hereat.

11. Denies the allegations contained in paragraph(s) "TWENTY-SIXTH" and respectfully refers all questions of law to this Honorable Court.

12. Denies the allegations contained in paragraph(s) "TWENTY-SEVENTH" and "TWENTY-EIGHTH".

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, MOHAMMAD BAHRAM

13. In response to paragraph "TWENTY-NINTH", repeats each admission or denial contained in paragraphs "FIRST" through "TWENTY-EIGHTH" herein as though fully set forth hereat.

14. Denies the allegations contained in paragraph(s) "THIRTIETH" in the form alleged, except admits that FORD's vehicles are fit for their intended purpose.

15. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "THIRTY-FIRST" and "THIRTY-SECOND".

16. Denies the allegations contained in paragraph(s) "THIRTY-THIRD", "THIRTY-FOURTH" and "THIRTY-FIFTH".

### AS AND FOR A FIFTH CAUSE OF ACTION: LOSS OF CONSORTIUM ON BEHALF OF PLAINTIFF, PARVINDER K. CHAWLA

17. In response to paragraph "THIRTY-SIXTH", repeats each admission or denial contained in paragraphs "FIRST" through "THIRTY-FIFTH" herein as though fully set forth hereat.

18. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "THIRTY-SEVENTH".

19. Denies the allegations contained in paragraph(s) "THIRTY-EIGHTH" and "THIRTY-NINTH".

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

20. The cause(s) of action set forth in plaintiff's complaint are barred inasmuch as suit was not instituted within the time period prescribed by all applicable Statute of Limitations.

{00886156.DOC }

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

21. If the plaintiff sustained any injuries upon the occasion set forth in the complaint, then the plaintiff assumed the risk of sustaining those injuries under the conditions and circumstances then existing.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

22. That the injuries claimed by plaintiffs in the complaint were cause in whole or in part, by the culpable conduct of the plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

23. The plaintiff was not properly wearing his seatbelt at the time of the accident.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

24. The Complaint should be dismissed as it fails to name and include all indispensible parties.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

25. The liability of the answering defendant, if any, is limited pursuant to CPLR Article 16.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff(s) cause of action is barred by UCC §2.313.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff(s) cause of action is barred by UCC §2.314.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

28. Plaintiff(s) cause of action is barred by UCC §2.315.

WHEREFORE, defendant, FORD MOTOR COMPANY demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:   New York, New York
         July 7, 2010

                                          Yours, etc.,

                                          _____
                                          BY: PETER J. FAZIO (1211)
                                          AARONSON RAPPAPORT FEINSTEIN
                                          & DEUTSCH, LLP
                                          Attorneys for Defendant
                                          FORD MOTOR COMPANY
                                          Office & P.O. Address
                                          757 Third Avenue
                                          New York, New York 10017
                                          Tel.: (212) 593-6700

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                        : ss:
COUNTY OF NEW YORK      )

PETER J. FAZIO, being duly sworn, deposes and says:

That I am a member in the firm of attorneys representing the defendant, FORD MOTOR COMPANY.

That I have read the attached ANSWER and the same is true to my own belief, except as to matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

My sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which I am fully familiar.

That this verification is made by me because my client does not reside within the county where I maintain my office.

_____
PETER J. FAZIO

Sworn to before me this
___ day of July, 2010

_____
Notary Public

NERLANDE PIERRE
Notary Public, State of New York
No. 01PI6184310
Qualified in Queens County
Commission Expires April 07, 20__

{00886262.DOC } 649515v

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
                            ss.:
COUNTY OF NEW YORK )

       JAIME OROVIC, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in Westchester County, New York.

       That on the ____ day of July, 2010, deponent served the within **Verified Answer, Rule 7.1 Statement, Interrogatories and multiple discovery demands on behalf of defendant, FORD MOTOR COMPANY** upon:

*STUART N. BABICH, ESQ.*
*STUART N. BABICH, ESQ., P.C.*
Attorney for Plaintiffs
Office & P.O. Address
37-44 75th Street
Jackson Heights, New York 11372

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                                                                  JAIME OROVIC

Sworn to before me this
____ day of July, 2010

_____
Notary Public

NERLANDE PIERRE
Notary Public, State of New York
No. 01PI6184310
Qualified in Queens County
Commission Expires April 07, 20__

{00886263.DOC }